IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JOHN HILL WILSHUSEN; aka | § | CASE NO: 05-21169 |
| COASTALTECH.COM | § | |
| Debtor(s) | § | |
| | § | CHAPTER  13 |
| | § | |
| ROWLAND FIBERGLASS, INC., *et al* | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-2059 |
| | § | |
| JOHN H WILHUSEN, *et al* | § | |
| Defendant(s) | § | |

## ORDER GRANTING MOTION TO REMAND AND MOTION FOR RELIEF FROM AUTOMATIC STAY

On this day came on for consideration the Motion to Remand and Request for Rehearing on Motion for Relief from Stay filed by Rowland Fiberglass, Inc., Barry Rowland, and Carol Rowland ("Rolands"). The Court, having heard the evidence and arguments of counsel,  finds that the Motion should be granted.[1]

### BACKGROUND

John Wilshusen (the "Debtor") purchased a business known as Rowland Fiberglass from the Rolands. Debtor defaulted under the purchase agreement. The Rolands filed suit in San Patricio District Court and Debtor counterclaimed. On May 26, 2005, the State Court held a hearing on competing motions for injunctive relief. The parties entered into an agreed order requiring two payments by certain dates or the Wilshusens would voluntary vacate the business premises.

The first payment was made, but the second one was not. The Rowlands filed a Motion for Contempt in State Court and requested the Court order the Debtor and his son, John Wilshusen, to vacate the premises. A hearing was conducted on July 27, 2005, and the State Court granted a Writ of Possession against the Debtor, to be executed on August 5, 2005, if Debtor had not voluntarily vacated by that date. Debtor did not vacate the premises. On August 5, 2005, before the Sheriff could serve the writ, Debtor filed his chapter 13 bankruptcy petition and the automatic stay prevented service of the writ of possession.

---

[1] The Court notes that Rolands filed the Motion to Remand in the main case. The Motion to Remand should have been filed in Adv. Pro. No. 05-2059, but the Court finds that Roland's procedural error is not fatal to the relief requested and this Order will be entered in both the main bankruptcy case and the adversary proceeding.

The Rowlands filed a Motion for Relief from Stay with this Court, but before a ruling was obtained, Debtor removed the State Court action to the bankruptcy court. The Rolands seek remand of the State Court lawsuit and ask for relief from the automatic stay to continue the proceedings there.

## REMAND

Pursuant to 28 U.S.C. §§1334, 157, and 1452, and the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc entered by the Untied States District Court, this Court has jurisdiction to enter a final order on a motion to remand. Rule 9027, F.R.Bankr.P. Pursuant to 28 U.S.C. §1452(b), a civil action which is related to a bankruptcy case may be removed to the District Court if the District Court has jurisdiction under 28 U.S.C. §1334. The automatic reference of cases to bankruptcy court resulted in the removal of the case to this Court. A court may remand a case on "any equitable ground." 28 U.S.C. §1452(b). The issues before the Court are whether the Court has jurisdiction and, if so, whether it should exercise that jurisdiction.

Bankruptcy Court jurisdiction is "wholly grounded in and limited by statute." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). Pursuant to 28 U.S.C. §1334, district courts (and bankruptcy courts by reference) have jurisdiction over (1) cases under title 11 (the bankruptcy petition itself), and (2) proceedings arising under title 11, and (3) proceedings arising in acase under title 11, and (4) proceedings related to a case under title 11. "The second, third, and fourth categories 'operate conjunctively to define the scope of jurisdiction. Therefore it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Matter of J.R. Canion*, 196 F.3d 579, 584 (5th Cir. 1999)(citing *In re Bass, supra*.). "A proceeding is 'related to' a bankruptcy if the outcome of that proceeding could conceivable have any effect on the estate being administered in bankruptcy." *In re Bass, supra*. at 1022; *Matter of Wood*, 825 F.2d 90 (5th Cir. 1987).

Here, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review." *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). Accordingly, the case should be remanded.

## RELIEF FROM THE AUTOMATIC STAY

The Court further finds that relief from the automatic stay of 11 U.S.C. §362 should be granted to allow the State District Court to proceed. Relief is appropriate for "cause." Here, in light of the final order of the State Court, cause exists to grant such relief. 11 U.S.C. §362(d).

It is therefore ORDERED that the Motion to Remand is hereby GRANTED and Adv. Pro. No. 05-2059 is hereby REMANDED to the 156th Judicial District Court of San Patricio County, Texas.

It is further ORDERED that the Motion for Relief from Stay is hereby GRANTED to allow the State District Court to proceed in remanded lawsuit.


SIGNED 09/15/2005.


RICHARD S SCHMIDT
United States Bankruptcy Judge